COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Willis


MICHAEL L. WASHINGTON

MEMORANDUM OPINION*

v.       Record No. 0059-04-4                        PER CURIAM
                                                     JUNE 29, 2004

STACEY HAGENS


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

(Ted Kavrukov, on brief, for appellant.)

No brief for appellee.


Michael L. Washington, father, appeals a decision of the trial judge regarding child support

issues. On appeal, father contends the trial judge erred by: (1) not reducing his monthly child

support obligation because he obtained health insurance coverage for the children; (2) denying his

request for a refund in child support payments; and (3) denying his request for child support

payments from Stacey Hagens, mother, for the period during which he had physical custody of the

parties' children. Upon reviewing the record and opening brief, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial judge. See Rule 5A:27.

Father first contends the facts of the case are in dispute because the trial judge made

corrections to father's proposed written statement of facts without providing notice to the parties

and holding a hearing. See Rule 5A:8(d). However, the record does not show that father raised an

objection to the trial judge concerning the corrected statement of facts. Although father filed an

objection to the corrected statement of facts in this Court, Rule 5A:18 provides that he must raise an

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

objection to the trial judge before we will consider the issue on appeal. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. Furthermore, "[t]he judge's signature on a . . . written statement, without more, shall constitute his certification that the procedural requirements of this Rule 5A:8 have been satisfied." Rule 5A:8(d). The trial judge signed the corrected written statement of facts. Accordingly, we refer to the corrected statement of facts signed by the judge in this appeal.

The parties are not married and have four minor children together. They share joint legal custody of the children, and mother has primary physical custody of the children. The trial judge initially ordered father to pay mother $1,941 per month in child support. Sometime prior to February 6, 2002, father filed a motion to reduce his child support obligation. By order entered on April 3, 2002, the trial judge reduced father's obligation to $801.92 per month, retroactive to August 2000. The order also specified that father was to pay mother an additional $499.08 per month toward a child support arrearage until it was paid in full. In addition, the April 3, 2002 order stated: "The monthly child support shall be reduced 36% upon presenting evidence that [father] has obtained and has carried health insurance for the children through his employer for 3 consecutive months." Father did not appeal this order and his counsel endorsed the order, "I ASK FOR THIS."

In June 2002, father filed a second motion for a reduction in child support. By order entered on September 16, 2002, the trial judge noted that custody of the children had changed to father on March 20, 2002 and that proceedings related to custody were pending in the juvenile

and domestic relations district court (JDR court).  The judge ruled that father was "entitled to some relief" until the custody hearing was held on the matter on September 11, 2002.  Therefore, the judge ordered that the April 3, 2002 order shall continue in full force and effect with the exception that father was no longer required to pay the $499.08 per month toward the accrued arrearage until further order of the court.  Father did not appeal this order, and his counsel endorsed the order, "I ASK FOR THIS."

Father filed a third motion for a reduction in child support, and the court held a hearing on the motion on October 20, 2003.  By order entered December 5, 2003, the trial judge granted the motion for a reduction in child support and reduced father's monthly child support obligation to $760.  The trial judge further found that father no longer owed mother an arrearage in child support.  However, the trial judge denied father's motions for a "credit" for the cost of health insurance for the children, a retroactive reduction in child support for the period he had custody of the children, and retroactive child support payments from mother for the period during which he had custody of the children.  It is from this order that father appeals.

I.

Father contends the trial judge erred by not reducing his child support obligation by 36% pursuant to the April 3, 2002 order.  Father argues he presented evidence in the form of compensation documents from his employer showing that he had obtained health insurance for the children through his employer.

"Decisions concerning child support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 274 (1994).  It is the province of the fact finder to determine the credibility of witnesses, their veracity, and the weight to be given their testimony. Brown v. Commonwealth, 156 Va. 947, 951, 157 S.E. 567, 571 (1931).

The written statement of facts recites that at the October 20, 2003 hearing, father testified he had obtained health insurance coverage for his children through his employer and he introduced "pay stubs" in support of his assertion. However, mother testified that the children did not receive health insurance benefits through father or his employer, she was never advised of the existence of any such insurance policy, and she was never supplied with any health insurance cards for the children.

The trial judge denied father's motion on several grounds. The trial judge noted that father did not appeal or object to the April 3, 2002 or the September 16, 2002 orders, both of which established the terms of his child support obligations. Furthermore, father admitted that he was in arrears for child support payments during the time he sought credit for heath insurance costs. The court ruled that father should not be allowed to seek a refund based on the doctrine of unclean hands. In addition, the written statement of facts provides that father testified he "discovered after the [entry of the] orders of April and September that his employer had in fact made certain deductions from his pay to cover a family health insurance policy that 'could' have benefited the children." However, he presented no evidence that such a policy actually existed or was made available to mother so that she could have utilized the policy. Rather, mother testified that she bore the costs of health care for the children during the same period that father was failing to make his child support payments. The trial judge accepted mother's testimony. Therefore, because the evidence failed to show that father complied with the provision of the April 2, 2003 order by obtaining health insurance coverage for the children, the trial judge did not abuse his discretion by refusing to reduce father's child support payments on this ground.

II.

Father next argues that the trial judge erred by denying his request for a reimbursement of child support payments he paid to mother from March 22, 2002 until December 6, 2002, the

- 4 -

period during which he had custody of the children. The record shows that in June 2002, father filed a motion to terminate his child support payments and to receive child support payments from mother because he had custody of the children. After a hearing on the motions, the trial judge entered the September 16, 2002 order, which provided that father's monthly child support payment of $801.92 would remain in full force and effect. Father did not appeal this order, and his attorney endorsed the order, "I ASK FOR THIS." Furthermore, father was over $20,000 in arrears for child support until he paid mother in full for the arrearages on or about October 1, 2002. The trial judge found that mother was in poor financial condition, due in part to father's failure to pay mother child support for a period of time.

The trial judge denied the motion for a retroactive reduction in child support on the grounds that father had "unclean hands," father did not appeal the April 2002 or September 2002 orders which did not provide for a modification of child support during the period he had custody of the children, and the evidence showed father was in a better financial position than mother to support the children. Under these circumstances, we cannot say the trial judge abused his discretion by denying the motion for a retroactive reduction in child support.

III.

Father contends the trial judge erred by denying his motion for retroactive child support payments from mother during the period father had custody of the children. The trial judge ruled that father failed to show that mother had the ability to pay child support given father's support arrearages, that father failed to prove he was in need of child support during the relevant period, that father's claim was barred because he failed to take exception to or appeal prior child support orders, and that father had unclean hands. Furthermore, the judge granted father's motion for a reduction in future child support payments, reducing the payments from $801.92 to $760 per month. Nothing in the record indicates that this decision was an abuse of discretion.

Accordingly, the decision of the trial judge is summarily affirmed.

<u>Affirmed.</u>